# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JEREMY J. LINDSEY,

  Plaintiff,

  v.          CASE NO. 19-3094-SAC

RUSSELL COOK, et. al,

  Defendant.

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Jeremy J. Lindsey is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. Plaintiff is also given an opportunity to file a proper amended complaint to cure the deficiencies.

### I. Nature of the Matter before the Court

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas. The Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 4.)

Plaintiff alleges in his Complaint that on December 11, 2018, Defendant Cook gave Plaintiff permission to move about the living unit to take something to one of Plaintiff's buddies. Plaintiff made a few stops, and as he stood in front of a cell talking to a friend, Cook approached Plaintiff and pointed to the front of the Unit, telling Plaintiff to "lock down." Plaintiff alleges that he instantly complied, and as he had his back to Cook he was attacked from behind when he was only a foot or two from his cell. Plaintiff alleges that Cook put him in a "headlock choke

1

hold." Plaintiff was told that he wasn't walking fast enough. Sgt. Gillium was the first to respond and placed Plaintiff in cuffs and escorted him out of the unit.

Plaintiff alleges that false allegations were made during his disciplinary proceedings, including that Plaintiff told Cook he didn't have to listen to him, Plaintiff refused orders, Plaintiff resisted Cook, and Plaintiff was not placed in a headlock chokehold. At his disciplinary hearing, Plaintiff was found not guilty of being in a restricted area, but was found guilty of disobeying orders. (Doc. 1–1, at 3.) The Hearing Officer found that based upon the preponderance of the evidence in which the offender did not promptly or respectfully follow the directive given to him as stated in 44-12-304, it is more likely than not, in the Hearing Officer's opinion, true the incident did happen. *Id.* Plaintiff alleges that Defendant Dan Schnurr approved these lies and ignores attacks by staff. Plaintiff alleges that the incident caused him pain and nerve damage to his neck.

Plaintiff claims assault, battery, cruel and unusual punishment, and excessive force. Plaintiff names as Defendants: Russell Cook, CO at HCF; Dan Schnurr, Warden at HCF; and the Kansas Department of Corrections ("KDOC"). Plaintiff seeks monetary damages and punitive damages.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New*

*Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Excessive Force

Plaintiff fails to state a claim of excessive force under the Eighth Amendment's Cruel and Unusual Punishments Clause. *See Estate of Booker v. Gomez*, 745 F.3d 405, 419 (10th Cir. 2014) (stating that "claims of excessive force involving convicted prisoners arise under the Eighth Amendment"). The Eighth Amendment's prohibition against "cruel and unusual punishments" applies to the treatment of inmates by prison officials. *See Whitley v. Albers*, 475 U.S. 312, 319–21 (1986). Prison officials violate inmates' Eighth Amendment rights when they subject them to the "unnecessary and wanton infliction of pain." *Id*. at 319. "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual

Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992) (citation omitted). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id*. at 9–10.

Plaintiff must prove both an objective component and subjective component to succeed on an excessive force claim. *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003). To establish the objective component, Plaintiff must show that "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Id*. Not every isolated battery or injury to an inmate amounts to a federal constitutional violation. *See Hudson*, 503 U.S. at 9 (stating that not "every malevolent touch by a prison guard gives rise to a federal cause of action.") (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights")).

Plaintiff has not alleged wrongdoing that is objectively harmful enough to establish a constitutional violation. In *Snyder v. Spilde*, the court found that:

> Merely grabbing and twisting Mr. Snyder's arms does not allege a constitutional violation. *See e.g., Norton v. The City of Marietta*, 432 F.3d 1145, 1156 (10th Cir. 2005) (dismissing claim in which prison guards were alleged to have injured prisoner by grabbing him around his neck and twisting it because the guards' actions were not objectively harmful enough to establish a constitutional violation); *Reed v. Smith*, No. 97-6341, 1999 WL 345492, at *4 (10th Cir. 1999) (dismissing excessive force claim based on allegations that prison officials grabbed inmate, tried to ram him into a wall, and dragged him while walking him through the prison); *Marshall*, 415 Fed. App'x at 853–54 (dismissing excessive force claim based on allegations that corrections officer dug his

5

> fingernails into prisoner's arm without cause to do so resulting in redness and bruising). *Accord De Walt v. Carter*, 224 F.3d 607, 610–11 (7th Cir. 2000) (holding that shoving a prisoner into a doorframe, which resulted in bruising on his back, did not state a constitutional violation); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (holding that bumping, grabbing, elbowing, and pushing a prisoner was "not sufficiently serious or harmful to reach constitutional dimensions."); *Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985) (pushing cubicle-cell wall onto prisoner's leg, causing bruises, was insufficient use of force to state a constitutional violation); *Olson v. Coleman*, 804 F. Supp. 148, 149–50 (D. Kan. 1982) (single blow to prisoner's head while escorting him into prison, causing contusion, was de minimis use of force not repugnant to conscience of mankind).

*Snyder v. Spilde*, No. 15-cv-2169-GPG, 2016 WL 1059612, at *3–4 (D. Colo. March 17, 2016).

To establish the subjective component, Plaintiff must show that Defendants "act[ed] with a sufficiently culpable state of mind." *Cochran*, 339 F.3d at 1212 (citation omitted). Plaintiff's Complaint does not allege specific facts indicating that the defendant officials engaged in the "wanton and unnecessary" infliction of pain that constitutes a violation of the Eighth Amendment. *See Reed*, 1999 WL 345492, at *4; *see also Wilson v. Wilcox*, No. 14-cv-0421-MSK, 2018 WL 1304532, at * (D. Colo. March 13, 2018) ("Because the disciplinary determination is inconsistent with some of Mr. Wilson's allegations . . . the factual findings in the disciplinary determination control, both under *Heck* and consistent with the doctrine of collateral estoppel.") (citing *Martinez v. City of Albuquerque*, 184 F.3d 1123, 1127 (10th Cir. 1999); *Havens v. Johnson*, 783 F.3d 776, 782–83 (10th Cir. 2015)). Plaintiff's excessive force claim is subject to dismissal.

## 2. Personal Participation

Plaintiff names Warden Schnurr as a defendant, alleging that he approved the alleged lies in the disciplinary hearing and ignored attacks by staff. Plaintiff has failed to allege how the Warden personally participated in the deprivation of his constitutional rights, and appears to rely

on the supervisory status of the Warden. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability). An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011). "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision."

*Id*. at 1204 (citing *Iqbal*, 129 S. Ct. at 1949). Plaintiff's claims against Warden Schnurr are subject to dismissal.

### 3. Kansas Department of Corrections

Plaintiff names the KDOC as a defendant. "A party's capacity to sue or be sued in federal court is determined by state law." *Sims v. Kansas Dep't of Corr.*, Case No. 18-01259-EFM-KGG, 2019 WL 4450671, at *4 (D. Kan. Sept. 17, 2019) (citation omitted). "Under Kansas law, absent express statutory authority, legislatively-created government agencies lack the capacity to sue or be sued." *Id*. (citing *Grayson v. Kansas*, 2007 WL 1259990, at *3 (D. Kan. 2007) (citation omitted)). "The KDOC is a legislatively-created government agency, and Kansas law does not permit it to sue or be sued." *Id*. (citing K.S.A. § 75-5203). Furthermore, as an agency of the State, the KDOC has absolute immunity under the Eleventh Amendment to a suit for money damages. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court"); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a State, nor its officials acting in their official capacities are 'persons' under § 1983"). Plaintiff's claims against the KDOC are subject to dismissal.

### 4. Damages

Plaintiffs seeks punitive damages, which "are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Searles*, 251 F.3d at 879 (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind. Plaintiff's request for punitive damages is subject to dismissal.

**IV. Response and/or Amended Complaint Required**

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1] Plaintiff is given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **December 18, 2019,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **December 18, 2019**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (19-3094-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

**IT IS SO ORDERED**.

**Dated November 27, 2019, in Topeka, Kansas.**

> **s/ Sam A. Crow**
> **Sam A. Crow**
> **U.S. Senior District Judge**