IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JEREMY J. LINDSEY,**

      **Plaintiff,**

      v.                              CASE NO. 19-3094-SAC

**RUSSELL COOK, et. al,**

      **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). The Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 4.) On November 27, 2019, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 5) ("MOSC"), directing Plaintiff to show good cause why his Complaint should not be dismissed due to the deficiencies set forth in the MOSC. Plaintiff was also given an opportunity to file a complete and proper amended complaint to cure the deficiencies. This matter is before the Court for screening Plaintiff's Amended Complaint at Doc. 6.[1]

Plaintiff alleges in his Amended Complaint that on December 11, 2018, Defendant Cook gave Plaintiff permission to move about the living unit to take something to Plaintiff's buddies. Plaintiff made a few stops, and as he stood in front of a cell talking to a friend, Cook approached Plaintiff and pointed to the front of the Unit, telling Plaintiff to "lock down." Plaintiff alleges that he instantly headed to his cell, with Cook following him very closely. Plaintiff alleges that Cook was trying to force Plaintiff to walk faster. Plaintiff alleges that as he had his back to Cook

---

[1] The Court's screening standards are set forth in the MOSC.

1

he was attacked from behind when he was only a foot or two from his cell. Plaintiff alleges that Cook put him in a "headlock choke hold." Plaintiff alleges that he was attacked because he was walking too slow. Plaintiff attaches an "Inmate Request to Staff Member" sent to Gillium, the staff member that was the first to respond to the code called by Defendant Cook. Gillium responds that "on the day of incident CP1 Cook had I/M Lindsey in a chokehold by having his arm on I/M Lindsey [sic] chin in the neck area." *Id*. at 19.

Plaintiff alleges that he suffered nerve damage to his neck and "many months after the incident" he had to take medication. Plaintiff attaches copies of April 2019 prescriptions for Naproxen and Alpha Lipoic Acid. *Id*. at 20. Plaintiff claims assault, battery, and cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff names Russell Cook, a Correctional Officer at HCF, as the sole defendant. Plaintiff seeks punitive and compensatory damages.

The Court finds that the proper processing of Plaintiff's excessive force claim cannot be achieved without additional information from appropriate officials of HCF. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of HCF to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915.

**IT IS THEREFORE ORDERED BY THE COURT** that**:**

(1) The Clerk of Court shall serve Defendant Cook under the e-service pilot program in effect with the Kansas Department of Corrections ("KDOC").

(2) Upon the electronic filing of the Waiver of Service Executed pursuant to the e-service program, KDOC shall have **sixty (60) days** to prepare the *Martinez*

Report. Upon the filing of that report, the AG/Defendant shall have an additional **sixty (60) days** to answer or otherwise respond to the Amended Complaint.

(3) Officials responsible for the operation of HCF are directed to undertake a review of the subject matter of the Amended Complaint:

   a. To ascertain the facts and circumstances;

   b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Amended Complaint; and

   c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Amended Complaint and should be considered together.

(4) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. The KDOC must seek leave of the Court if it wishes to file certain exhibits or portions of the report under seal or without service on Plaintiff. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(5) Authorization is granted to the officials of HCF to interview all witnesses having knowledge of the facts, including Plaintiff.

(6) No answer or motion addressed to the Amended Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(7) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendant's answer or response to the Amended Complaint and the report ordered herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter KDOC as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, KDOC may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to Defendant, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

**Dated April 29, 2020, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U. S. Senior District Judge**